IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RODNEY GRAY**                                                               **PETITIONER**

**VS.**                                                        **CIVIL ACTION NO. 4:04-cv-234Gu**

**CHRISTOPHER B. EPPS, COMMISSIONER**
**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.**        **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION FOR FUNDING FOR EXPERTS PURSUANT TO 21 U.S.C. § 848 (q)(9)

This cause is before the court on the ex parte motion of petitioner Rodney Gray for the authorization to obtain expert assistance pursuant to 21 U.S.C. § 848(q)(9). The court, having considered the motion, concludes that it is not well taken and should be denied.

### FACTS AND PROCEDURAL HISTORY

The above captioned cause is a death penalty case that originated in the Circuit Court of Newton County, where Petitioner was adjudicated guilty of capital murder and sentenced to death on January 25, 1996. Gray's conviction and sentence were affirmed by the Mississippi Supreme Court on August 6, 1998 and a subsequent petition for rehearing was denied by the Court. *Gray v. State*, 728 So. 2d 36 (Miss. 1998). A petition for writ of certiorari was filed and later denied by the United States Supreme Court. *Gray v. Mississippi,* 526 U.S. 1055, 119 S.Ct. 1366, 143 L. Ed. 2d 526 (1999). Gray filed an application for post-conviction relief with the Mississippi Supreme Court and after consideration, Gray was appointed an attorney and the post-conviction motion was thereafter supplemented and filed with the Court. On September 16, 2004, Gray's motion for leave to seek post-conviction relief in the trial court was denied by the Mississippi Supreme Court. A petition for rehearing was filed and thereafter denied on

December 2, 2004.  *Gray v. State*, 887 So. 2d 158 (Miss. 2004).   On June 20, 2005, the United States Supreme Court denied certiorari in Gray's case.  *Gray v. Mississippi,* __ U.S. ___, 125 S.Ct. 2935, 162 L. Ed.2d 870 (2005).

Petitioner filed an application for relief pursuant to 28 U.S.C. § 2254 in this Court on April 8, 2005.  Petitioner filed the instant motion seeking additional funds for expert assistance on June 17, 2005.  The State filed a response in opposition to said request.

## DISCUSSION

21 U.S.C. § 848(q)(9) authorizes the following:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor. . .

Established precedent assists with defining "reasonably necessary."  "Congress intended to provide prisoners with 'all resources needed to discover, plead, develop, and present evidence determinative of their "colorable" constitutional claims.' " *Patrick v. Johnson,* 48 F.Supp.2d 645, 646 (S.D. Tex. 1999) (quoting J. Liebman & R. Hertz *Federal Habeas Corpus Practice and Procedure* § 19.3 at 702 (3rd ed.1998)). "The determination of a habeas claim often depends on the full development of factual issues, and experts play an important role in the fact-finding process." *Patrick,* 48 F.Supp.2d at 646 (citing *McFarland v. Scott,* 512 U.S. 849, 855, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994)). "It therefore follows that a petitioner must present the court with *specific* allegations which demonstrate that he is confined illegally and entitled to relief." *Id.* "Otherwise, the appointment of an expert is not 'reasonably necessary.' "

*Id.* (citing *Lawson v. Dixon,* 3 F.3d 743, 753 (4th Cir.1993), *cert. denied* 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 556 (1994)).

In support of his claim that his trial counsel rendered ineffective assistance by failing to investigate and present evidence in mitigation during the guilt and sentencing phases of his trial in state court, Gray seeks the assistance of both a psychological expert and an investigative expert. Gray urges that the assistance of these experts is necessary since "counsel has already discovered and presented evidence to this Court that Gray may be mentally retarded and has numerous mental deficiencies and has a history which is relevant to mitigation and diminished culpability." *Petitioner's Motion at p. 4*.

Gray first requests funding for an investigative expert in order to locate and interview additional witnesses. Gray claims that trial counsel failed to interview Russell Saunders and Cleveland McCall who testified that Gray confessed the murder to them while in jail. Gray also claims that trial counsel failed to interview Harry Jones, who identified Gray from an alleged impermissible and suggestive line-up and never examined or inquired as to how the line-up was formulated. Gray also seeks assistance with investigating the labs that tested the DNA evidence presented at trial and conducting additional witness interviews.

In addition, Gray seeks additional funds for a "comprehensive forensic psychiatric or other psychological evaluation and testing . . . to fully develop the material facts necessary . . . to fairly litigate the claims presented in the habeas petition." *Petitioner's Motion at p. 6.* Counsel for Gray claims that there was "no funding for a mitigation psychologist or psychological expert to examine Gray, look into his history or past medical testing, or to rebut or consider the information revealed in Dr. Charton Stanley's report." *Id.* Dr. Stanley was

appointed as an expert and examined Gray in order to determine Gray's sanity and competence to stand trial.  Dr. Stanley assessed Gray with suffering from impaired impulse control  and did not assess the possibility of Gray having organic brain damage.  *Petitioner's Motion at p. 7.*  Gray further contends that Stanley did not have the benefit of the additional information and evidence obtained by post-trial counsel such as family affidavits and school records.  Therefore, this testimony and evidence was not presented as mitigation evidence at the sentencing hearing and thus violated Gray's rights under the Sixth, Eighth and Fourteenth Amendments.   Gray contends that Stanley's examination was insufficient and he is entitled to a more thorough examination with an additional battery of organic testing.   "Due Process and fundamental fairness now require that he be afforded an 'adequate opportunity' to develop these claims with the benefit of expert assistance."  *Petitioner's Motion at p. 6, citing Ake v. Oklahoma*, 470 U.S. 68, 77 (1985).

     The State opposes Gray's request for expert funding and assistance on the grounds that Dr. Stanley's evaluation and assessment was sufficient to satisfy the *Ake* factors since Gray's trial counsel moved for and was granted a mental examination by forensic psychologist Dr. Stanley.

     In *Ake v. Oklahoma,* the United States Supreme Court held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination." *Ake v. Oklahoma,* 470 U.S. 68, 83, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). The *Ake* opinion, however, limited its holding by stating "[t]his is not to say, of course, that the indigent defendant has a constitutional right to choose a

psychiatrist of his personal liking or to receive funds to hire his own." *Ake,* 470 U.S. at 83, 105 S.Ct. 1087. "Our concern is that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and . . . we leave to the State the decision on how to implement this right." *Id.*

Moreover, in *Granviel v. Lynaugh,* the Fifth Circuit upheld the trial court's appointment of a "neutral" expert who provided a report to both the prosecution and the defense. "Granviel's ability to uncover the truth concerning his sanity is not prejudiced by a court-appointed, neutral expert. Availability of a neutral expert provides defendants with the "raw materials integral to the building of an effective defense." The state is not required to permit defendants to shop around for a favorable expert."*Granviel v. Lynaugh,* 881 F.2d 185, 192 (5th Cir.1989)(internal citation omitted).

After thorough review of the instant motion, the response, and the relevant legal authorities, the Court finds that Gray's motion is not well-taken in as much as Gray has failed to establish that additional funds are "reasonably necessary" to pursue his habeas petition. Gray is entitled to funds pursuant to § 848(q)(9) if he can demonstrate that the psychological assistance he received at trial failed to meet the *Ake* standards.  The Court has reviewed Gray's claim and finds that it does not warrant additional funding pursuant to § 848(q)(9) for two reasons: 1) Gray has failed to demonstrate how Dr. Stanley's mental evaluation failed to meet the *Ake* standards; and 2) §848 (q)(9) was not intended to allocate funding for speculative discovery in hopes of supporting habeas claims.  "Conclusionary allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing Section 2254 Petitions; the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to

order discovery on good cause shown, does not authorize fishing expeditions." *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994).

**IT IS THEREFORE ORDERED AND ADJUDGED,** that based on the foregoing, Petitioner's Motion for Funding for Investigative and Expert Assistance Pursuant to 21 U.S.C. § 848(q)(9), filed June 17, 2005, [15-1] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE